IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUAN RIVERA DEANDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00259-M-BQ |
| | § | |
| TERRY COUNTY SHERIFF, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Special Order 3-251, this habeas case filed pursuant to 28 U.S.C. § 2241 has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the undersigned recommends that the amended habeas petition be **DISMISSED** as moot, in part, and for lack of jurisdiction, in part. The undersigned further recommends that any certificate of appealability be **DENIED**.

## I. BACKGROUND

On October 23, 2018,[1] Petitioner, then a detainee in the Terry County Jail, filed a letter complaining of his pretrial detention. (Dkt. No. 1.) On November 14, 2018, Petitioner filed an Amended Petition using the form for petitions under 28 U.S.C. § 2241 (Dkt. No. 5) (the Petition). Petitioner alleges that, at the time he filed his petition, he was awaiting trial on charges of theft of property in cause numbers 7481 and 309389, both pending in Terry County, Texas. Petitioner complains that his detention was a violation of double jeopardy because the indictments in both cases charged him with the same crime against the same person. Petitioner requests dismissal of all charges and "all my [l]abor since I [sic] been in custody + $100,000.00." (Dkt. No. 5, at 7.)

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) ("[A] prisoner's habeas petition is filed for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

On March 19, 2019, Petitioner notified the Court of his change of address to a residence in Brownfield, Texas. (Dkt. No. 16.) In response to the Court's questionnaire, Petitioner confirmed that he was released from the Terry County Jail on March 14, 2019, following his conviction on March 5, 2019. (Dkt. Nos. 17, 18.)

## II. DISCUSSION

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding pursuant to § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, as to his request for immediate release, Petitioner is no longer a pretrial detainee, having been convicted and subsequently released. Any issue concerning a challenge to his alleged unlawful pretrial detention has been rendered moot. *See Wade v. Anderson*, Civil Action No. 4:09-CV-684-Y, 2010 WL 930991, at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition following his conviction); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging the legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). Thus, Petitioner's claims of pretrial double jeopardy violations must be dismissed as moot.

To the extent Petitioner seeks compensatory and punitive monetary damages, the Court has no authority to grant such relief in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that habeas relief is not available to review questions unrelated to the fact or duration of one's incarceration that would result in an earlier release). Thus, Petitioner's claims for monetary damages must be dismissed for want of jurisdiction. For the foregoing reasons the

undersigned recommends that the Petition filed under 28 U.S.C. § 2241 be **DISMISSED** in its entirety due to mootness and a lack of jurisdiction.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings in The United States District Courts, Rule 11(a) (Dec. 1, 2009). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pre-trial detainees challenging their state detention under 28 U.S.C. § 2241 must obtain a certificate of appealability. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

Based on the record, Petitioner has not shown that reasonable jurists would question the Court's acceptance of this recommendation, and a certificate of appealability should not issue. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2).

### IV. RECOMMENDATION

The Petition filed under 28 U.S.C. § 2241 should be **DISMISSED** as moot, in part, and for lack of jurisdiction, in part. Moreover, a certificate of appealability should not issue.

## V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 18, 2020.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE